The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, Plaintiff,**

v.

**MARQUETTE NATIONAL BANK OF MINNEAPOLIS, Defendant.**

No. 4–75 Civ. 154.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 26, 1976.

Richard W. Johnson and Richard S. Goodman, Johnson, Thompson, Klaverkamp & James, Minneapolis, Minn., for plaintiff.

Lee Bearmon and J. Patrick McDavitt, Levitt, Palmer, Bowen, Bearmon & Rotman, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DONALD D. ALSOP, District Judge.

This action was initiated by plaintiff against the defendant to recover the amount of $62,000, plus interest, based on defendant's refusal to honor Prudential's sight draft. The matter is presently before the court upon plaintiff's motion for summary judgment.

The relevant facts are established by the complaint and defendant's answer thereto. On December 6, 1972, a Minnesota corporation by the name of McGlynn-Garmaker Company entered into a loan commitment agreement with plaintiff with respect to a loan by plaintiff to McGlynn-Garmaker Company of $3,100,000. As a part of that agreement, McGlynn-Garmaker Company secured an Irrevocable Credit in favor of plaintiff as a commitment standby fee in the amount of $62,000. The letter of Irrevocable Credit, No. 892, was issued on January 2, 1973, by defendant, at the request of McGlynn-Garmaker Company, in favor of plaintiff. In December of 1974, defendant received plaintiff's draft in the amount of $62,000 together with a letter designed to meet the documentary requirements of the letter of Irrevocable Credit. Defendant thereafter dishonored the draft.

Plaintiff alleges that defendant's letter of January 2, 1973, constituted an irrevocable letter of credit under the provisions of Minn.Stat. §§ 336.5–102 and 336.5–103 and that plaintiff's draft should have been paid by defendant upon presentation of the draft and the appropriate documents. Defendant argues that its letter of January 2, 1973, is not a letter of credit, but rather is in the nature of a guaranty. The issuance of a guaranty, defendant argues, is beyond the scope of powers granted to a national bank pursuant to 12 U.S.C. § 24 and is therefore unenforceable. *Border Nat'l Bank v. American Nat'l Bank,* 282 F. 73 (5th Cir. 1922). The defendant further argues that even if the Irrevocable Credit is not ultra vires, it is, nevertheless, unenforceable because the contract between McGlynn-Garmaker Company and plaintiff requiring the payment of a $62,000 fee upon failure of the loan to close is an invalid penalty provision. As a final argument in defense of plaintiff's motion for summary judgment, defendant argues that there are material facts yet to be resolved making the entry of summary judgment inappropriate.

"A guaranty is a promise to answer for the payment of some debt . . . in case of the default of another person, who is in the first instance liable for such payment . . ." while a "letter of credit confers authority upon the person to whom it is addressed to advance money or furnish goods on the credit of the writer." *Border Nat'l Bank v. American Nat'l Bank, supra,* 282 F. at 77. A significant difference in these two concepts is that in the former the guarantor is secondarily liable and in the latter, the issuer of a letter of credit is primarily liable. *Barclays Bank D.C.O. v. Mercantile Nat'l Bank,* 481 F.2d 1224, 1236 (5th Cir. 1973), *cert. denied,* 414 U.S. 1139, 94 S.Ct. 888, 39 L.Ed.2d 96 (1974). The court is persuaded that defendant's letter of January 2, 1973, labeled Irrevocable Credit, No. 892, is a letter of credit within the provisions of Minn.Stat. §§ 336.5–102 and 336.5–103 and that its issuance is not beyond the powers of a national bank. As such, it is an appropriate device to be used

as a loan commitment standby fee. *Fidelity Bank v. Lutheran Mutual Life Ins. Co.,* 465 F.2d 211 (10th Cir. 1972).

Defendant does not allege that plaintiff failed to provide the appropriate documents as required by the letter of credit. Rather defendant argues that the commitment standby fee as required by the contract between plaintiff and McGlynn-Garmaker is an illegal penalty provision and therefore defendant did not have to honor the plaintiff's draft. Plaintiff argues that the loan commitment agreement and the agreement between McGlynn-Garmaker and defendant for the issuance of a letter of credit are separate contracts and that defendant cannot allege a defense in this action that may or may not be available to McGlynn-Garmaker under the loan commitment agreement.

In *Fidelity Bank v. Lutheran Mutual Life Ins. Co., supra,* the bank issued a letter of credit as a service to a customer to assure compliance by the customer with a provision of its loan commitment agreement with Northland Mortgage. The loan failed to close and Lutheran Mutual Life, the assignee of Northland Mortgage, demanded payment by the bank on the letter of credit. The bank refused the demand arguing, *inter alia,* that the loan commitment agreement and the letter of credit had been modified and therefore it was not obligated to honor the letter of credit. The court held that neither contract had been modified, but that even if the loan commitment agreement had been modified it would not alter the bank's obligation under the letter of credit.

> Even if there had been a modification of the loan commitment, and the record shows none, the loan commitment and the letter of credit were separate contracts. Where the letter of credit is complete in itself no reason exists to consider the underlying contract. . . . Bank is required to comply with the terms of the letter of credit. . . . [Citations omitted]

*Id.* at 214. *Accord, Chase Manhattan Bank v. Equibank,* 394 F.Supp. 352, 358 (W.D.

Penn.1975); *Barker v. National Boulevard Bank of Chicago,* 399 F.Supp. 1021, 1024 (N.D.Ill.1975). *See also* Minn.Stat. § 336.5–114(1).

The court rules that the contract of McGlynn-Garmaker Company with plaintiff is independent of the obligations of defendant as issuer of the letter of credit and that the alleged illegality of the commitment standby fee is not a defense which may be asserted by defendant in this action. *Barker v. National Boulevard Bank of Chicago, supra.*

The defendant further argues that there are material fact issues remaining to be resolved that make summary judgment an inappropriate remedy. The court has reviewed these contentions and finds that no genuine issues of material fact remain to be resolved and that plaintiff is "entitled to a judgment as a matter of law" pursuant to Rule 56 of the Fed.R.Civ.P. The court is not unmindful of defendant's argument that payment on the letter of credit will allow plaintiff a "windfall" profit. This argument, in the court's opinion, has no legal significance and does not prevent the entry of summary judgment in favor of plaintiff.

Upon the foregoing,

IT IS ORDERED That the motion of the plaintiff for summary judgment be and the same hereby is granted and the clerk shall enter judgment for plaintiff in the amount of $62,000 together with interest thereon at the legal rate from December 30, 1974, and costs to be taxed.