**SECURITY FINANCE GROUP, INC., Benz General Partnership # 1, and JAG General Partnership No. 1, Plaintiffs–Appellants,**

v.

**NORTHERN KENTUCKY BANK AND TRUST, INC., Defendant–Appellee.**

**No. 87–5823.**

United States Court of Appeals, Sixth Circuit.

April 27, 1989.

---

**530**

James E. Cooper, Gray, Woods and Cooper, Ashland, Ky., Yale L. Goldberg, Rockville, Md., for plaintiffs-appellants.

Richard A. Getty, Frost & Jacobs, Lexington, Ky., David C. Horn, Frost & Jacobs, Cincinnati, Ohio, for defendant-appellee.

·Before KEITH and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.

Appellant Security Finance has filed a motion to correct and clarify the decision in the above-captioned case issued on September 23, 1988, 858 F.2d 304. The motion requests (1) deletion of any reference to a dismissed counterclaim against Security Finance, and (2) direction that the district court enter certain judgments against Northern Kentucky in favor of Security Finance Group, Inc., JAG General Partnership No. 1, and Benz General Partnership # 1.

Northern Kentucky opposes this motion in respect to both requested judgments. It contends that its counterclaim against Se- curity Finance was conditionally dismissed without prejudice, subject to any appeal that might be taken by Security Finance from the district court's judgment in favor of Northern Kentucky. The district court's order of dismissal expressly acknowledges that dismissal is "in accordance with the statements of counsel at hearing." Northern Kentucky desires a remand so that it may attempt to reinstate its counterclaim.

Northern Kentucky additionally argues that an award to Security Finance, with or without prejudgment interest, is premature in light of its intention to reinstate its counterclaim.

■ Accordingly, we clarify our decision of September 23, 1988, specifically, 858 F.2d at 307–08, last 2 par. of opinion, as follows:

Policy considerations have also prompted courts to uphold the financial device despite claims of underlying illegality, such as the lending limits imposed by Ky.Rev.Stat.Ann. § 287.280. Because the lender normally has no knowledge of such information, courts have held that the credit must be honored. *See Prudential Insurance Co. v. Marquette National Bank*, 419 F.Supp. 734, 736 (D.Minn.1976) (credit valid despite fact credit arrangement illegal under state law); *First American National Bank of Iuka v. Alcorn, Inc.*, 361 So.2d 481, 488–89 (Miss.1978) (credit valid despite fact that lending limits of 12 U.S.C. § 84 exceeded). The strong case authority, the language of the statute, and policy considerations all compel us to uphold the letters of credit at issue here.

In a counterclaim, Northern Kentucky alleged Security Finance was in league with Enzweiler and Rhein. This counterclaim was conditionally dismissed without prejudice by the district court when it sustained Northern Kentucky's motion for summary judgment. The claim may or may not be barred by the statute of limitations. We have no reason or authority to address the merits of such claim at this juncture.

For the reasons stated above, we RE- VERSE the district court's grant of sum-

mary judgment in favor of Northern Kentucky, and REMAND for a determination of whether Northern Kentucky's counterclaim may be reinstated. If the counterclaim is time-barred, or if it does not survive on the merits, the district court is directed to award damages plus prejudgment interest to appellants. If the counterclaim is successful, damages should not be awarded appellants until the extent of Northern Kentucky's right to set off, if any, is determined.

ENTERED BY ORDER OF THE COURT.